UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
97 FEB 21 AM 8:21
DISTRICT COURT
ALABAMA

| | |
|---|---|
| NATIONWIDE INSURANCE COMPANY, ) | |
| PLAINTIFF, ) | |
| VS. ) | CV96-S-2424- |
| JON OWENS, MARGORITE JOHNSON, ) BARBARA FEDERER, ADM., ETC., ) | |
| DEFENDANTS. ) | |

ENTERED
FEB 21 1997

## MEMORANDUM OPINION

This declaratory judgment action is before the court on plaintiff's motion for summary judgment. Defendants have failed to respond to plaintiff's motion. Accordingly, this court adopts plaintiff's statement of undisputed facts as its own. *See* Memorandum of Law in Support of Plaintiff's Motion For Summary Judgment, at 2-4.

### I. DISCUSSION

The undisputed evidence shows that in June of 1995, defendant Jon E. Owens contacted Nationwide Insurance Company ("Nationwide") regarding automobile insurance. On June 30, 1995, a policy of automobile insurance (Policy Number 77 N 825429) was issued to defendant Owens, with defendant Margorite Johnson listed as a permissive driver and, therefore, an additional insured under the insuring agreement. On August 31, 1995, Nationwide discovered that Owens had two prior automobile accidents on his driving record, which he had not previously disclosed. Owens was sent a draft in the amount of $86.81 as a refund on the premium he had previously paid for the coverage.

14

It was later discovered that Owens had only one prior accident on his driving record, and therefore, Nationwide sought to write an insurance policy as previously requested. On September 29, 1995, two automobile policies were written. Owens was instructed by Nationwide to return any and all refund checks previously received along with payment of an additional $84.62 to continue coverage under those policies. Nationwide received neither the refund checks nor the additional premium from Owens. Thus, a cancellation notice was sent to Owens on October 23, 1995, and pursuant to the policy's terms, the policy was effectively canceled on November 12, 1995.

On December 15, 1995, defendant Margorite Johnson was involved in an automobile accident with Jerry L. Federer, who is now deceased. Defendant Barbara Federer represents the estate of Jerry L. Federer in this action. Each defendant suffered personal and/or property damage as a result of the December 15, 1995 automobile accident, and made a demand upon Nationwide for payment under the policy of insurance (Policy Number 77 N 825429).

Plaintiff asserts that "the policy of insurance claimed by defendants to be applicable either never existed or was effectively canceled prior to the accident of December 15, 1995 and therefore, plaintiff Nationwide contends that it is not obligated to pay for the claimed loss and damages suffered by the defendants." (Plaintiff's Memorandum, at 4.) Defendants have not responded to those arguments. Therefore, this court concludes that defendants concede those points. *See Swedish American Hospital v. Midwest*

2

*Operating Engineers Fringe Benefit Funds*, 842 F. Supp. 1039, 1043 (N.D. Ill. 1993)("Swedish American ... has failed to respond to Midwest's arguments in their opposition papers, and therefore concedes these points"); *see also Southern Nevada Shell Dealers Ass'n v. Shell Oil*, 725 F. Supp. 1104, 1109 (D. Nev. 1989); *Valluzzi v. United States Postal Service*, 775 F. Supp. 1124, 1125 (N.D. Ill. 1991).

## II. CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is due to be granted. A separate judgment consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 20th day of February, 1997.

United States District Judge

3